

FILED
COURT OF COMMON PLEAS

2008 AUG -7 A 8: 34

GREGORY A. BRUSH
CLERK OF COURTS
MONTGOMERY CO. OHIO

## IN THE COMMON PLEAS COURT OF MONTGOMERY, OHIO
## CIVIL DIVISION

| | |
|---|---|
| KATHLEEN DITMER, for herself and others<br>similarly situated<br>9799 Grubbs-Rex Road<br>Laura, OH 45337<br><br> PLAINTIFF,<br><br>vs.<br><br>DELK RUTHERFORD & ASSOCIATES, INC.<br>836 Westbrook Road<br>Dayton, OH 45415<br><br>and<br><br>GLADDEN DELK<br>836 Westbrook Road<br>Dayton, OH 45415<br><br>and<br><br>CHERIE RUTHERFORD<br>836 Westbrook Road<br>Dayton, OH 45415<br><br> DEFENDANTS. | CASE NO.:<br><br>JUDGE<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**PLAINTIFF'S COMPLAINT**<br>**(JURY DEMAND**<br>**ENDORSED HEREON)** |

### JURISDICTION

1. This Court has jurisdiction to hear Plaintiffs' claims for relief arising under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et seq. ("the Act") by virtue of a grant of jurisdiction located in 29 U.S.C. §216(b).

LOPEZ, SEVERT & PRATT CO., L.P.A.

**EXHIBIT A**

2. Venue is appropriate in this Court because the Defendants' principal place of business is in Montgomery County, Ohio and all acts complained of took place in Montgomery County, Ohio.

## PARTIES

3. The named Kathleen Ditmer ("Mrs. Ditmer"), is an individual, a United States Citizen and a resident of the State of Ohio. She worked for one or more of the Defendants for approximately March 5, 2007 to April 17, 2008.

4. At all times while working for any of the Defendants, Mrs. Ditmer was an employee, within the meaning of the Act at 29 U.S.C. §203(e)(1), of at least one of the named Defendants.

5. The unnamed and Similarly Situated Plaintiffs ("SSPs") are all similarly situated to Mrs. Ditmer as current and former non-exempt, or mis-classified as exempt, hourly employees of at least one of the Defendants. Their identities have not yet been established.

6. The Defendant Delk Rutherford & Associates, Inc. ("Firm") is an Ohio professional corporation with its principal place of business in Montgomery County, Ohio. It employs more than five (5) full time employees. It is organized under the laws of the United States and is engaged in the business of accounting and tax services. It is an "employer" under the Act.

7. The Firm provides accounting and financial services to businesses and individuals who purchase and sell services and equipment in other states. The Firm's business has an effect on interstate commerce.

8. The Defendant Gladden Delk ("Delk") is a male, an individual, a resident of Ohio, and is the Firm's president and majority shareholder.

9. Delk makes all employment decisions and decides and implements payroll and human resource matters for the Firm. Delk is an "employer" under the Act.

10. The Defendant Cherie Rutherford ("Rutherford") is a shareholder in the Firm, works at the firm, makes employment and payroll decisions and implements payroll and human resource matters for the Firm. Rutherford is an "employer" under the Act.

## FIRST CLAIM
## FLSA UNPAID OVERTIME

11. Complaint paragraphs 1-10 incorporated by reference.

2

LOPEZ, SEVERT & PRATT CO., L.P.A.

12. During the three years preceding the filing of this Complaint, the Defendants jointly and severally employed Mrs. Ditmer and the SSPs.

13. Mrs. Ditmer's pay and the SSPs' pay was stated in terms of an hourly wage but was only paid on a straight time basis, with no increase in the hourly amount for weekly hours worked in excess of forty.

14. If Mrs. Ditmer or the SSPs worked less than forty hours in a work week, they received pay consistent with their stated hourly rate multiplied by the actual hours they worked.

15. Mrs. Ditmer and the SSPs were required by the Defendants to keep track of the hours they worked for Firm clients and to turn in their hours worked to the Defendants for payroll calculation purposes. There is no time clock procedure for the Defendants' employees.

16. Mrs. Ditmer and the SSPs were, and continue to be, paid on an hourly basis with pay being distributed on a bi-weekly basis.

17. The Firm issues pay to employees on the last day of their fourteen day pay period.

18. Delk and Rutherford set and administered the policy and procedures for calculating the weekly pay of all hourly, non-exempt or misclassified as exempt employees including Mrs. Ditmer and the SSPs.

19. Delk and Rutherford knew or should have known of the overtime payment requirements of the Act.

20. The Firm, by its employees, officers and agents, knew or should have known of the overtime payment requirements of the Act.

21. During the past three years, the Firm, through its employees, officers and agents, including Delk and Rutherford, has knowingly and willfully failed to pay Mrs. Ditmer and the SSPs the overtime wages they were due!

22. Throughout their employment by the Defendants, Mrs. Ditmer and the SSPs were engaged in services and duties essential to the movement of goods and services in interstate commerce.

23. At various times while they were employed by either of the Defendants in the three years preceding the filing date of this Complaint, Mrs. Ditmer and the SSPs had worked, suffered, or been permitted to work in excess of forty (40) hours per week without compensation at the overtime rate of one and one half times their regular hourly pay for the weekly hours worked in excess of forty.

3

LOPEZ, SEVERT & PRATT CO., L.P.A.

24. The Firm, through its agents, employees and officers, including Delk and Rutherford, has willfully and knowingly failed to pay Mrs. Ditmer and the SSPs the overtime wages they were due for all the hours worked in excess of forty in any given workweek during the three years preceding the filing of this Complaint.

25. The duties Mrs. Ditmer and the SSPs had in the three years preceding the filing date of this Complaint did not exempt them from the overtime pay requirements of the Act or its Ohio counterpart statutes.

26. Mrs. Ditmer and the SSPs have been injured as a direct result of the Defendants' failure and refusal to pay overtime in violation of Sections 6 and 7 of the Act (29 U.S.C. §206-207). Mrs. Ditmer and the SSPs seek recovery of their unpaid overtime wages, interest on that amount, liquidated damages, and their attorney fees and costs.

## SECOND CLAIM
## STATE LAW BASED UNPAID OVERTIME

27. Complaint paragraphs 1-26 incorporated by reference.

28. The Defendants' repeated and knowing failures to pay overtime wages to Mrs. Ditmer and the SSPs were, and continue to be, violations of Section 4111.03, et seq., of the Ohio Revised Code.

29. Mrs. Ditmer and the SSPs are entitled to the unpaid overtime wages they are due, their court costs and reasonable attorney's fees.

## THIRD CLAIM
## GENDER BASED DISCRIMINATION / HOSTILE ENVIRONMENT

30. Complaint paragraphs 1-29 incorporated by reference.

31. Mrs. Ditmer is a Caucasian female and forty years of age.

32. Mrs. Ditmer was subjected to regular verbal and mental abuse from Delk and Rutherford.

33. Delk made unwelcome, harassing and derogatory statements to Mrs. Ditmer about her weight, her physical appearance, her marriage and her attractiveness.

34. Delk touched Mrs. Ditmer in a sexual way without her permission on at least two separate occasions.

4

LOPEZ, SEVERT & PRATT CO., L.P.A.

35. Delk acted in an obscene and offensive manner toward Mrs. Ditmer and other employees on multiple occasions even though Mrs. Ditmer told him to stop doing so and that his actions offended her.

36. Delk directly addressed Mrs. Ditmer using gender based hostile epithets.

37. Delk did and said the above stated things regularly to Mrs. Ditmer, and by doing so, caused her humiliation, anxiety, emotional and mental distress. His said conduct was severe and pervasive.

38. Mrs. Ditmer believed that Delk would not have said or done what he did to her if she had been a man.

39. Delk knew or should have known that his conduct was unlawful.

40. Rutherford actively and willingly participated in gender based harassment toward Mrs. Ditmer.

41. In addition to the gender based hostility, Rutherford verbally harassed and berated Mrs. Ditmer based on her religion.

42. Mrs. Ditmer believes that Rutherford would not have said or done what she did to Mrs. Ditmer if Mrs. Ditmer had been a man and had not been a Catholic.

43. Rutherford berated and disparaged Mrs. Ditmer on multiple occasions in a way that she would not have done had Mrs. Ditmer been a man or had she not been a Catholic.

44. Because Delk and Rutherford were both the abusers and the supervisors of the Firm, Mrs. Ditmer had no internal Firm resource to which she could report their conduct.

45. During the past six years, Delk and Rutherford had abused other female employees in a fashion similar to what Mrs. Ditmer suffered.

46. As a direct and proximate result of Delk and Rutherford's said conduct, both singularly and together, Mrs. Ditmer suffered mental and emotional distress, anxiety and pain while employed. That same conduct directly caused Mrs. Ditmer to eventually resign her job. Her decision to resign was what a reasonable person would have done under the circumstances. Her forced resignation discharge caused her additional mental and emotional distress, anxiety and depression, and also her seniority, wages, future wages, financial benefits, health insurance and other pecuniary injuries past, present and into the future.

5

LOPEZ, SEVERT & PRATT CO., L.P.A.

47. As a result of Delk's unlawful conduct, Mrs. Ditmer has been injured and is entitled to compensatory damages in excess of $25,000.00 but to be fully determined at trial, and because Delk's conduct was severe, malicious and knowingly unlawful, Mrs. Ditmer is entitled to punitive damages in excess of $100,000.00 with the full amount to be determined at trial.

WHEREFORE, Plaintiffs, Mrs. Ditmer and the SSPs, seek relief in the following manner:

a. Judgment for the Plaintiffs and against the Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act and Ohio Revised Code Section 4113.03 et seq.;

b. an award to the Plaintiffs of actual and compensatory damages in the amount shown to be due for unpaid overtime compensation, plus all applicable prejudgment and post-judgment interest at the Ohio statutory rate;

c. an award of liquidated damages in the amount calculated under part b) above, with interest;

d. an order directing Defendants to pay Plaintiffs' reasonable attorney fees and the costs of the actions set out in claims One and Two;

e. for her Third Claim for Relief, and as a result the Defendants' knowing and malicious conduct, judgment in her favor, jointly and severally, against the Defendants, for compensatory and punitive damages in excess of $100,000.00 but with the full amount to be determined at trial, and

f. such other and further relief as this Court deems equitable and just.

Respectfully Submitted,

James P. Langendorf (#0066880)
Co-Counsel for the Plaintiffs
2 N. Main St., Suite 408
Middletown, Ohio 45042
(513) 705-4104
(513) 705-4106 (fax)
jamesplang@aol.com

6

LOPEZ, SEVERT & PRATT CO., L.P.A.

Christopher D. Clark (#0065132)
Lopez Severt & Pratt Co., LPA
Co-Counsel for the Plaintiffs
18 E. Water St.
Troy, OH 45373
(937) 335-5658
(937) 335-8943 (Fax)
cclark@lsplaw.org

## JURY DEMAND

The Plaintiff, Mrs. Ditmer, demands a jury trial of the Third Claim for Relief only.

James P. Langendorf (#0068607)
Co-Counsel for the Plaintiffs

Christopher D. Clark (#0065132)
Lopez Severt & Pratt Co., LPA
Co-Counsel for the Plaintiffs

LOPEZ, SEVERT & PRATT CO., L.P.A.