# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KATHLEEN DITMER, *et al.*, | : | |
| Plaintiffs, | : | Case No. 3:08cv00316 |
| vs. | : | Magistrate Judge Sharon L. Ovington (by full consent of the parties) |
| DELK RUTHERFORD & ASSOCIATES, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DECISION AND ENTRY

This case is before the Court upon Plaintiffs' Motion for Remand of Case to State Court for Lack of Jurisdiction. (Doc. #27). Plaintiffs explain that all federal claims over which this Court had original jurisdiction have been finally resolved with judgments paid to Plaintiffs. As a result, there is no remaining federal question for this Court to resolve. The remaining claims are based on state employment discrimination laws and state torts. Plaintiffs state, "These claims have no elements in common with the federal law based on overtime claims but for the identities and employer/employee relationships of the parties." (Doc. #27 at 2). Plaintiffs further state that Defendants do not oppose their Motion. *Id*. at 1.

Although Plaintiffs' federal claims have essentially disappeared from this matter, Plaintiffs' assertion that this Court no longer has jurisdiction over this case and controversy overlooks the principle that the "existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Intern., Inc*., 392 F.3d 195, 210 (6th Cir. 2004).

'It is a fundamental principle of law that whether subject matter jurisdiction

> exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed.... When a subsequent narrowing of the issues excludes all federal claims, whether a pendant [sic] state claim should be remanded to state court is a question of judicial discretion, not of subject matter jurisdiction.'

*Harper*, 392 F.3d at 210-11 (quoting *Long v. Bando Mfg. Of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000) (other citation omitted). Because the Court had subject matter jurisdiction over Plaintiffs' Complaint at the time of removal, the case may not be remanded for lack of subject matter jurisdiction. *Id*.

However, the Court retains the discretion to remand the remaining state-law claims because Plaintiffs' federal claims, over which the Court had original jurisdiction, have been fully resolved. *See Harper*, 392 F.3d at 210-11; *see also Long*, 201 F.3d at 758. The authority for such a remand derives from the Court's discretion not to exercise supplemental jurisdiction over the remaining state law claims, once the Court has dismissed all claims over which it has subject matter jurisdiction. *See* 28 U.S.C. §1367(c); *see also Harper*, 392 F.3d at 210-11. Because the parties do not dispute that a remand is warranted under the circumstances of this case, and because Plaintiffs have demonstrated that the remaining state-law claims have no elements in common with their federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims. *See* 28 U.S.C. §1367(c). Consequently, Plaintiffs' Motion to Remand is well taken, albeit not for lack of subject matter jurisdiction. *See Harper*, 392 F.3d at 210-11; *see also Long*, 201 F.3d at 758, 761.

Accordingly, the Court hereby **ORDERS** that Plaintiff's Motion for Remand (Doc. #27) is **GRANTED**; the Court declines to exercise supplemental jurisdiction over

Plaintiffs' remaining claims under 28 U.S.C. §1967(c); the case is remanded to the Clerk of the Montgomery County, Ohio Court of Common Pleas for further proceedings; and this case is terminated on the docket of this Court.

July 30, 2009

                                                       s/Sharon L. Ovington
                                                          Sharon L. Ovington
                                                United States Magistrate Judge